IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH ROBERTS, #329-683,  *
      Plaintiff
                                                            *

   v.                                             CIVIL ACTION NO. PJM-05-1981
                                                         *

WARDEN, et al.,
      Defendants.  *
                                                    ******

## **MEMORANDUM OPINION**

On July 21, 2005, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking compensatory damages and declaratory relief. Paper No. 1. Pursuant to this Court's Order, Plaintiff filed a Supplemental Complaint on August 16, 2005. Paper No. 3. Counsel for Defendant William L. Bruekman has filed a Motion to Dismiss. Paper No. 22. Plaintiff has filed a response. Paper No. 29, 20, and 33.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

---

[1]

Plaintiff has filed a Motion for Appointment of Counsel. Paper No. 34. As Plaintiff is aware, this judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Plaintiff is able to adequately articulate the facts and grounds for relief in this case without notable difficulty. Moreover, the nature of this complaint is not unduly complex. Therefore, in the exercise of its discretion, Plaintiff's request for appointment of counsel is denied.

Plaintiff also filed a Motion for Default (Paper No. 21) wherein he claims that Defendant's response was untimely filed. Plaintiff has not demonstrated that he was prejudiced by any untimely filing of Defendant's dispositive motion and as such the motion shall be denied.

Also pending is Plaintiff's Motion for Judgment against Defendant Warden Green. Paper No. 31. Plaintiff maintains that summons was issued for Defendant Warden Green on September 21, 2005, and returned executed on December 5, 2005. Plaintiff is incorrect. The docket does not reflect that summons was ever issued for the Warden or that she was ever served. Accordingly, Warden Green was never a proper party to these proceedings. Even is she were, she would be entitled to dismissal as she had no involvement with the issuance of the arrest warrants of which Plaintiff complains. Plaintiff states in his Motion for Judgment that he was "illegally lodged in administrative detention {the hole) for three days." This allegation is not a part of the instant Complaint. If Plaintiff believes his constitutional rights were violated by being subjected to administrative segregation, he is of course free to file a separate civil rights action against the appropriate parties.

**1. Factual Background**

Plaintiff alleges "that on July 20, 2001 Cecil County Court Clerk William L. Bruekman negligently violated [his] .... Fourth and Fourteenth Amendment rights by issuing two arrest warrants ...without any judicial involvement by a judge." Paper No. 3.  On August 11, 2001, Plaintiff was served with the arrest warrants.  Paper No. 30.  On September 17, 2002, Plaintiff pled guilty to two charges associated with the warrants.  Paper No. 3.  On December 10, 2004, Plaintiff was granted a new trial, for undisclosed reasons, through his state post conviction proceedings.  *Id.*  Thereafter, he was tried before a jury and found guilty in June 13, 2005.  *Id.*

**2. Standard of review**

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices.  *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Plaintiff's claim appears to be barred by the statute of limitations.  While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Burnett v. Grattan*, 468 U.S. 42, 45 (1984); *Cox v. Stanton*,

529 F.2d 47, 49-50 (4th Cir. 1975).  Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar.  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question.  *See Cox v. Stanton*, 529 F.2d at 50.  The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury.  (*Id.*).  Here, Plaintiff knew or should have known of the alleged constitutional deficiency in the arrest warrants when he was served with them on August 11, 2001.

Even if Plaintiff's complaint is deemed to have been timely filed, it is still subject to dismissal because Plaintiff has not alleged a violation of his constitutional rights.  *See Shadwick v. City of Tampa*, 407 U.S. 345, 351-52 (1972) (holding that ordinance delegating authority to issue arrest warrants to clerk was not unconstitutional exercise of judicial powers and conformed to requirements of Fourth Amendment). An allegation that an arrest violates state law does not state a claim unless there was no probable cause for the arrest.  *See Fisher v. Washington Metro Area Transit Auth*. 690 F.2d 1133, 1139 (4th Cir. 1982).  Plaintiff has not alleged that the arrest warrants were issued without probable cause, and, indeed, his conviction upon retrial demonstrates otherwise. Rather, Plaintiff's sole claim is that the warrants were issued in contravention of Maryland state law.  Accordingly, his claim is subject to dismissal.

### 3. Conclusion

Given the foregoing, Defendants are entitled to dismissal of this case.   A separate Order shall be entered in accordance with this Memorandum Opinion.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 24, 2006